```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```
───────────────────────────────────────

GEORGE F. BASTIAN, III,

                     Petitioner,

     -vs-

SUPERINTENDENT D. MARTICELLO,

                     Respondent.

**No. 1:12-CV-00844 (MAT)**
**DECISION AND ORDER**

───────────────────────────────────────

## I.  Introduction

Represented by counsel, George F. Bastian, III ("petitioner"), petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is incarcerated pursuant to a judgment entered August 8, 2008, in Livingston County Court (Cohen, J.), following a jury verdict convicting him of one count of grand larceny in the fourth degree (N.Y. Penal Law § 155.03(1)) and two counts of scheme to defraud in the first degree (N.Y. Penal Law § 190.65(1)(a), (b)). Petitioner was sentenced, as a discretionary persistent felony offender, to three concurrent terms of 15 years to life imprisonment.

## II.  Factual Background and Procedural History

The evidence presented at petitioner's jury trial established that in June of 2006, he received a check payable to his construction business in the amount of $2,250. Shortly thereafter, petitioner was informed that a stop payment had been placed on this check; nevertheless, petitioner brought the check to a local bank, opened a business account, and deposited the check. Petitioner

returned the next day and successfully withdrew $2,100 from the bank. Petitioner then wrote a series of bad checks from the account, which checks totaled over $300,000. The jury convicted petitioner as charged, as outlined above.

Petitioner filed a direct counseled appeal to the New York State Supreme Court, Appellate Division, Fourth Department, arguing that (1) the evidence was legally insufficient and the verdict was against the weight of the evidence; (2) the prosecutor committed misconduct in giving the opening and closing statements; (3) the court erred in denying petitioner's motion to set aside the verdict; and (4) petitioner's sentence was illegal because the discretionary persistent felony offender statute was unconstitutional. Petitioner filed a *pro se* supplemental brief in which he argued that (1) he was denied a speedy trial; (2) he was convicted in violation of his double jeopardy rights; (3) the prosecutor misused a grand jury subpoena *duces tecum*; (4) he received ineffective assistance of counsel; (5) the prosecutor was prejudiced against him; (6) the conviction was unsupported by legally sufficient evidence; (7) the court should have granted petitioner's motion to dismiss the indictment; (8) the court's Molineux ruling was erroneous; and (9) petitioner was erroneously sentenced as a persistent felony offender.

On April 1, 2011, the Fourth Department unanimously affirmed petitioner's conviction. See People v. Bastian, 83 A.D.3d 1468 (4th Dep't 2011), lv. denied 17 N.Y.3d 813. Petitioner's leave

application to the New York State Court of Appeals requested that Court to review the claims presented in his counseled brief, but not those presented in his *pro se* supplemental brief. The Court of Appeals denied leave to appeal.

On September 10, 2011, petitioner submitted a *pro se* motion to vacate his judgment of conviction pursuant to New York Criminal Procedure Law ("CPL") § 440.10, which was denied by the trial court on November 14, 2011. The Fourth Department denied leave to appeal. Petitioner filed an undated motion to set aside the sentence pursuant to CPL § 440.20, which was denied on June 26, 2012, and petitioner did not seek leave to appeal. On April 2, 2012, petitioner filed a *pro se* petition for a writ of error coram nobis with the Fourth Department. The Fourth Department denied that motion on June 8, 2012, and petitioner did not seek leave to appeal.

The instant petition argues that (1) petitioner was denied his right to a speedy trial; (2) his conviction violated double jeopardy; (3) the prosecutor used an improper grand jury subpoena; (4) the prosecutor committed misconduct by presenting false evidence in his motion papers, withholding exculpatory evidence, and making improper statements during summation; (5) trial counsel was ineffective; and (6) petitioner was improperly sentenced as a persistent violent felony offender.

**III. Standard of Review**

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") applies to this petition. AEDPA "revised the conditions under which federal courts may grant habeas relief to a person in state custody." Kruelski v. Connecticut Super. Ct. for Judicial Dist. of Danbury, 316 F.3d 103, 106 (2d Cir. 2003) (citing 28 U.S.C. § 2254). Under AEDPA, a federal court may grant a writ of habeas corpus under 28 U.S.C. § 2254 only if the state court's adjudication of the petitioner's claim on the merits is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or involved an "unreasonable determination of the facts" in light of the evidence presented. 28 U.S.C. § 2254(d)(2).

**IV. Grounds Asserted in the Petition**

    **A.   Exhaustion**

Initially, the Court notes that many of petitioner's claims are unexhausted. These include petitioner's claims that (1) his right to a speedy trial was violated; (2) his conviction violated his double jeopardy rights; (3) the prosecutor misused a grand jury subpoena; (4) the prosecutor was prejudiced, withheld exculpatory evidence, and "lied in his motions," see doc. 1 at 8; (5) his counsel was ineffective for failing to call certain witnesses, failing to object to witnesses who did not identify petitioner, and

failing to adequately review Rosario material; and (6) petitioner was improperly adjudicated a persistent violent felony offender.

These claims are unexhausted because, although petitioner raised them in his *pro se* supplemental brief to the Fourth Department on direct appeal, he failed to move for leave to appeal to the Court of Appeals on these issues. See, e.g., Ricco v. Burge, 2009 WL 4341521, *15 (S.D.N.Y. Dec. 2, 2009) (claim raised on direct appeal but not in request for leave to appeal to Court of Appeals was unexhausted and procedurally barred because "a person is only entitled to one request for leave to appeal") (citations omitted). As in Ricco, these claims are deemed unexhausted but procedurally defaulted because the issues are now precluded from review by the state courts. See id; Grey v. Hoke, 933 F.2d 117, 120 (2d Cir. 1991) (noting that where petitioner moves for leave to appeal some, but not all, issues to the Court of Appeals, the issues which were not the subject of the motion were abandoned); Bossett v. Walker, 41 F.3d 825, 829 (2d Cir. 1994) (noting that where petitioner fails to seek leave to appeal, collateral review is also precluded).

Petitioner has made no showing of the requisite cause or prejudice, or a fundamental miscarriage of justice, necessary to overcome the procedural bar. See Wainwright v. Sykes, 433 U.S. 72, 87-91 (1977); see also Sawyer v. Whitley, 505 U.S. 333 (1992). Accordingly, these issues are unreviewable in a federal habeas

proceeding and are therefore dismissed. See Grey, 933 F.2d at 121. The Court will now turn to the remaining claims properly before it in this habeas proceeding: (1) petitioner's claim that the prosecutor committed misconduct on summation and falsely stated in motion papers that petitioner had more prior convictions than he did; and (2) petitioner's claim that counsel was ineffective for failing to make a specific motion for a trial order of dismissal and failing to object to false claims in the prosecutor's motion response.

### A. Prosecutorial Misconduct

Petitioner claims that the prosecutor committed misconduct (1) with comments on summation and (2) by lying in his motion papers with regard to the number of petitioner's prior convictions. Petitioner raised the first claim in his direct appeal to the Fourth Department, which held that the claim was unpreserved and, in any event, lacked merit. Specifically, the Fourth Department found that although one remark by the prosecutor was improper, "that misconduct was not so egregious as to deprive defendant of a fair trial." Bastian, 83 A.D.3d at 1469 (citing People v. Galloway, 54 N.Y.2d 396, 401 (1981)). Initially, the Fourth Department's finding that this issue was unpreserved provides an adequate and independent state law ground precluding habeas review. See Anderson v. Griffen, 2012 WL 5227297, *2 (W.D.N.Y. Oct. 22, 2012) (citing Baker v. Kirkpatrick, 768 F. Supp. 2d 493, 500 (W.D.N.Y. 2011);

Garcia v. Lewis, 188 F.3d 71, 79-82 (2d Cir. 1999) (recognizing that New York has a well-established preservation rule that is regularly followed in a number of contexts)).

In any event, the Fourth Department's finding was not contrary to, nor an unreasonable application of, relevant federal precedent which holds that "[r]emarks of the prosecutor in summation do not amount to a denial of due process unless they constitute 'egregious misconduct.'" United States v. Elias, 285 F.3d 183, 190 (2d Cir. 2002) (quoting Donnelly v. DeChristoforo, 416 U.S. 637, 647 (1974)). The prosecutor's comment here, even if improper because it "play[ed] on the sympathies and fears of the jury," see Bastian, 83 A.D.3d at 1469, was not so egregious as to constitute reversible error, especially given the otherwise overwhelming evidence of guilt against petitioner at trial. See Warren v. Ercole, 2007 WL 4224642, *8 (E.D.N.Y. Nov. 27, 2007) (finding that prosecutor's comments on summation did not deprive the petitioner of a fair trial and "given the overwhelming evidence of guilt, even if those statements were inappropriate, they would not warrant a grant of habeas relief because they did not have a substantial and injurious effect or influence on the jury's verdicts") (citing Fry, 551 U.S. at 121).

Petitioner raised the second claim, in which he alleges that the prosecutor lied in motion papers, in his CPL 440.10 motion. See doc. 15-2 at Exh. H. The trial court summarily denied petitioner's

7

motion on November 14, 2011, and the AEDPA standard of review therefore applies. Under that standard, the claim is meritless. Petitioner has provided no evidence that the prosecutor lied in motion papers. Even crediting the nearly incomprehensible allegations of the petition in this regard, see doc. 1 at 8, petitioner has failed to establish that the alleged error prejudiced him in any way. As such, petitioner has failed to establish prosecutorial misconduct of the magnitude required to implicate federal constitutional concerns. See Greer v. Miller, 483 U.S. 756, 765 (1987) ("To constitute a due process violation, the prosecutorial misconduct must be of sufficient significance to result in the denial of the defendant's right to a fair trial.") (internal quotation marks and citations omitted).

**B.   Ineffective Assistance of Counsel**

To establish ineffective assistance of counsel, a defendant first must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and second, that "there is a reasonable probability that, absent the errors [by counsel], the fact finder would have had a reasonable doubt respecting guilt." Strickland v. Washington, 466 U.S. 668, 687, 695 (1984). Under Strickland, the Court is required to consider alleged errors by counsel "in the aggregate." Lindstadt v. Keane, 239 F.3d 191, 199 (2d Cir. 2001). Where a state court has denied a claim of ineffectiveness based on

a state law standard, a petitioner "must do more than show that he would have satisfied Strickland's test if his claim were being analyzed in the first instance, because under § 2254(d)(1), it is not enough to convince a federal habeas court that, in its independent judgment, the state-court decision applied Strickland incorrectly." Bell v. Cone, 535 U.S. 685, 698-99 (2002). Rather, petitioner must show that the state court "applied Strickland to the facts of his case in an objectively unreasonable manner." Id. at 699.

Petitioner raised his contentions of ineffective assistance of counsel in his *pro se* supplemental brief on direct appeal, and later in his CPL § 440.10 motion. The Fourth Department rejected petitioner's *pro se* contentions and concluded that petitioner received effective assistance of counsel. See Bastian, 83 A.D.3d at 1468 (citing People v. Baldi, 54 N.Y.2d 137, 147 (1981)). The Second Circuit has "recognized that the New York 'meaningful representation' standard is not contrary to the Strickland standard." Rosario v. Ercole, 601 F.3d 118, 124 (2d Cir. 2010). Moreover, petitioner has not established that there is a "reasonable probability that, absent the errors [by counsel], the fact finder would have had a reasonable doubt respecting guilt." Strickland, 466 U.S. at 695. Upon a review of the record, the Court finds that in the aggregate, counsel provided effective

representation. See Lindstadt, 239 F.3d at 199. Accordingly, petitioner's claim on this ground is dismissed.

**VI. Conclusion**

For the foregoing reasons, the petition (doc. 1) is dismissed. Because petitioner has not "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the Court declines to issue a certificate of appealability. The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

                                              **S/Michael A. Telesca**

                        HON. MICHAEL A. TELESCA
                        United States District Judge

Dated:   March 19, 2017
           Rochester, New York.